UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES GARNER,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:18-cv-00525-MMD-WGC<br><br>ORDER |

Petitioner Charles Garner has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. He has paid the filing fee, and therefore, his application to proceed *in forma pauperis* is denied as moot. The Court has reviewed the Petition under Habeas Rule 4, and it will be docketed and served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also filed a motion for appointment of counsel (ECF No. 9). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor*

*v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, Garner states that he is serving a sentence of life without the possibility of parole, and it is unclear whether the legal issues he wishes to raise may be complex. Therefore, Garner's motion for counsel is granted.

Garner also filed a document that he titled as a motion (ECF No. 6). While unclear, the document may be a supplement to the Petition. He also filed a motion for a docketing statement (ECF No. 10). Especially in light of the appointment of counsel, these motions are denied.

It is therefore ordered that Petitioner's two applications to proceed in forma pauperis (ECF Nos. 1 and 7) are both denied as moot.

It is further ordered that the Clerk file and electronically serve the Petition (ECF No. 1-1) on Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 9) is granted.

It is further ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner.

It is further ordered that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD will have 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner in these proceedings.

It is further ordered that after counsel has appeared for Petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

It is further ordered that Petitioner's "motion" (ECF No. 6) and motion for a docketing statement (ECF No. 10) are both denied.

DATED THIS 26th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE