UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES GARNER,<br><br>                        Petitioner,<br>      v.<br>STATE OF NEVADA, *et al.*,<br><br>                        Respondents. | Case No. 3:18-cv-00525-MMD-WGC<br><br>ORDER |

      This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 21, 2019, this Court granted Petitioner's motion for stay pending final resolution of his state postconviction habeas petition (ECF No. 24). Garner's state court proceedings have concluded, and he now moves to reopen this federal habeas action (ECF No. 25). The Court finds good cause to grant the motion to reopen the case, and the Court now sets a further briefing schedule. It is therefore ordered that Petitioner's motion to reopen the case (ECF No. 25) is granted.

      It is further order that the Clerk of Court reopen the file in this action.

      It is further ordered that Petitioner has 90 days from the date of this order to file and serve on Respondents an amended petition for writ of habeas corpus.

      It is further ordered that Respondents have 45 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. Any filed response must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

      It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court will not address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural

defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner and Respondents file any additional state court record exhibits with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must also be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that Petitioner will have 30 days after service of the answer or responsive pleading to file and serve his response.

It is further ordered that, at this time, the parties must send courtesy copies of any responsive pleading and all indices of exhibits only to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No other courtesy copies are required unless and until requested by the Court.

DATED THIS 7th day of May 2020.

_____
MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT