UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES GARNER, | Case No. 3:18-cv-00525-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.,* | |
| Respondents. | |

## I.    Summary

Before the Court is Respondents' motion to dismiss ground 3 in Petitioner Charles Garner's 28 U.S.C. § 2254 *habeas corpus* petition as unexhausted or procedurally defaulted. (ECF No. 36 (the "Motion").) As discussed below, the Motion is denied and a decision on ground 3 is deferred to the merits adjudication.

## II.    Background

In July 2008, Garner was charged with one count of murder with use of a deadly weapon; one count of discharging a firearm at or into a vehicle; one count of attempt murder with use of a deadly weapon; one count of battery constituting domestic violence with use of a deadly weapon resulting in substantial bodily harm; and one count of possession of a firearm by an ex-felon. (ECF No. 29 at 4.) In March 2008, Garner fired a gun into a vehicle, killing Anthony Wright, his estranged wife Roanna's boyfriend; Roanna was also shot and remained in a vegetative state until she died in May 2014. (*Id.*)

Just prior to trial, Garner entered into a guilty plea agreement in March 2013. (Exh. 87).[1] The state agreed not to pursue the death penalty. (*Id.*) He then moved to withdraw

---

[1]Exhibits referenced in this order are exhibits to Respondents' Motion (ECF No. 36) and are found at ECF Nos. 37-38.

his plea in May 2013. (Exh. 88.) The state district court denied the motion. (Exh. 104.) The state district court sentenced Garner as follows: Count 1: life without the possibility of parole, plus a consecutive sentence of a term of eight to 20 years for use of a deadly weapon; Count 2: 28 to 72 months; Count 3: eight to 20 years, plus a consecutive eight to 20 years for use of a deadly weapon; Count 4: six to 15 years; Count 5: 28 to 72 months; all counts to run consecutively. (Exh. 108.) Judgment of conviction was entered on June 12, 2014. (Exh. 111.)

The Nevada Supreme Court affirmed Garner's convictions in March 2015 and affirmed the denial of his state postconviction *habeas corpus* petition in January 2020. (Exhs. 120, 139.)

Garner dispatched his federal *habeas corpus* petition for filing in February 2019. (ECF No. 12.) The Court granted his motion for appointment of counsel, and he filed an amended petition through counsel. (ECF Nos.11, 18.) The Court granted Garner's motion to stay and abey this action pending final resolution of his state-court proceedings. (ECF No. 24.) After the stay was lifted, Garner filed a second-amended petition. (ECF Nos. 25, 27, 29.) Respondents now move to dismiss ground 3 as unexhausted or procedurally barred. (ECF No. 36.) Garner opposed, and Respondents replied. (ECF Nos. 41, 42.)

**III.   Legal Standard**

      **a.  Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

### b. Procedural Default

28 U.S.C. § 2254(d) provides that this Court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    Discussion

Garner acknowledges in his petition that ground 3[2] is unexhausted. (ECF No. 29 at 16.) He also agrees that if he were to return to state court to raise this claim in a second state post-conviction petition, the state courts would find the claim procedurally defaulted as untimely and successive. (ECF No. 41 at 3); *see* NRS § 34.726, 34.810. He thus acknowledges, therefore, that the claim would also be procedurally barred from federal review but argues that he can demonstrate cause and prejudice to excuse that default based on ineffective assistance of state post-conviction counsel.

The Court in *Coleman* held that ineffective assistance of counsel in post-conviction proceedings does not establish cause for the procedural default of a claim. 501 U.S. at 750. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state post-conviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. 566 U.S. 1 (2012). The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires

---

[2]Ground 3 alleges that Garner's counsel was ineffective for failing to present compelling mitigating evidence about the circumstances surrounding the shooting. (ECF No. 29 at 16-34.)

him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

Here, Garner argues that he can establish cause and prejudice under *Martinez* to excuse the default of this claim and to demonstrate that this Court should review the claim on the merits. (ECF No. 41.) Respondents contend that neither Garner's trial counsel nor post-conviction counsel were ineffective, and therefore, ground 3 is not a substantial claim. (ECF No. 42.)[3] However, Respondents agree with Garner that the resolution of the claim should be deferred to the adjudication of the petition on the merits because the claim is intrinsically linked to the merits analysis. The Court also agrees and declines to dismiss ground 3 at this time. A decision on whether ground 3 is procedurally barred from federal review is deferred.

///

///

///

///

///

///

///

///

///

///

---

[3]The Court notes that it appears from the state-court record provided that Garner did not have state post-conviction counsel. (Exhs. 122, 133); *see also* Nevada Supreme Court Case No. 78540. If he had no post-conviction counsel, then he has already demonstrated cause under *Martinez*.

### V.       Conclusion

It is therefore ordered that Respondents' motion to dismiss (ECF No. 36) is denied as set forth in this Order.

It is further ordered that Respondents have 60 days from the date this Order is entered within which to file an answer to the second-amended petition. Respondents may also address in the answer the issue of the potential procedural default of ground 3.

It is further ordered that Garner has 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Garner's motion to seal exhibits containing confidential medical information (ECF No. 32) is granted.

DATED THIS 23rd Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE